NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11834

KERR CARRINGTON  vs.  COMMONWEALTH.


July 17, 2015.


<u>Supreme Judicial Court</u>, Superintendence of inferior courts.


Kerr Carrington appeals from a judgment of a single justice
of this court denying, without a hearing, his petition for
relief under G. L. c. 211, § 3.  We affirm.

After a jury trial in the Superior Court, Carrington was
convicted of larceny of a motor vehicle.[1]  The Commonwealth nol
prossed so much of the indictment as alleged a second or
subsequent offense.  Contending that the Commonwealth could not
properly nol pros only a portion of the indictment and that this
is a systemic issue affecting the proper administration of the
judiciary, Carrington filed motions pursuant to Mass. R. Crim.
P. 30, as appearing in 435 Mass. 1501 (2001), and, before the
motions were acted on, filed his G. L. c. 211, § 3, petition.
At least one of his motions has since been denied by a different
judge in the Superior Court, the trial judge having retired.

Carrington has filed a memorandum and appendix pursuant to
S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which
requires an appellant seeking relief from interlocutory rulings
of the trial court to "set forth the reasons why review of the
trial court decision cannot adequately be obtained on appeal
from any final adverse judgment in the trial court or by other
available means."  The rule does not apply here, as Carrington

---

[1] The Appeals Court affirmed the conviction in an
unpublished decision, and this court denied further appellate
review.  <u>Commonwealth</u> v. <u>Carrington (No. 1)</u>, 82 Mass. App. Ct.
1106, <u>S.C.</u>, 463 Mass. 1107 (2012).

is not challenging any interlocutory ruling of the trial court. The entry of the nolle prosequi was the prosecutor's decision, not the judge's, and it finally resolved that portion of the indictment, the remainder of which was finally resolved by his conviction. Nonetheless, it is clear that Carrington has an adequate alternative remedy. As he acknowledges in his memorandum, he asserted the same claims by motion in the Superior Court as he did in his G. L. c. 211, § 3, petition. He is entitled to appeal any adverse rulings on his motions, provided that he timely filed a notice of appeal or receives an enlargement of time to do so.[2] The single justice neither erred nor abused her discretion by denying extraordinary relief.[3]

<u>Judgment affirmed</u>.


The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>Kerr Carrington</u>, pro se.

---

[2] The Superior Court docket indicates that Carrington has filed a notice of appeal.

[3] To the extent that Carrington requests a broader, systemic review of unlawful practices he alleges exist in the trial court, the single justice did not err or abuse her discretion in declining to order such a review. We have reviewed the record and are satisfied that the issues raised by Carrington can be, and are better suited to be, reviewed on a case-by-case basis.